IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAKESHIA LANDRY**, <br> *Plaintiff,* <br><br> v. <br><br> **WEST CALN TOWNSHIP, WEST CALN TOWNSHIP POLICE DEPARTMENT, CURTIS MARTINEZ, and ANTHONY SPARANO,** <br> *Defendants.* | **CIVIL ACTION** <br> **NO. 24-6315** |

## MEMORANDUM ON MOTIONS TO DISMISS

**Baylson, J.**                                                                                           **February 6, 2025**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and state law following alleged violence at the hands of a West Caln Township Police Department Sergeant during a traffic stop. Defendants moved to dismiss. For the reasons stated below, Defendants' Motions are **GRANTED with leave to amend.**

### I. FACTUAL ALLEGATIONS[1]

Plaintiff Takeshia Landry ("Landry") brings this action individually and as a representative of her son, N. Brown. Compl., ECF 1-2. Landry is an African American woman. Id. ¶ 3.

Defendant Anthony Sparano ("Sparano") is a white male who is a Sergeant with the West Caln Township Police Department. Id. ¶ 4.

Defendant Curt A. Martinez ("Martinez") is the Chief of Police at the West Caln Township Police Department ("Police Department") and was in Sparano's chain of command. Id. ¶ 5.

---

[1] The Court accepts the factual allegations in the Complaint as true for the purpose of the Motions to Dismiss.

1

### A. The November 10, 2021, Incident

On November 10, 2021, shortly after midnight, Sparano was on patrol and signaled to pull over Landry's car for allegedly making a left turn at a red light. Id. ¶¶ 7, 9, 10. Landry slowed down, turned on her hazard lights, and searched for a better area to stop before pulling over. Id. ¶¶ 8, 11. Sparano approached Landry's car and spoke in an abrupt and disrespectful tone. Id. ¶ 12. Landry was holding a camera to record the interaction. Id. ¶ 13. This made Sparano angry, and he reached into Landry's car and slapped the camera out of her hand. Id. ¶¶ 14, 15. Landry became fearful she was in danger and drove off with her car's hazard lights on. Id. ¶¶ 16, 17, 21.

As Landry drove off, Sparano drew his weapon and shot at Landry's car. Id. ¶ 17. Sparano shot the rear passenger window of Landry's car. Id. ¶ 18. Landry heard the gunshot and the bullet strike the window. Id. ¶ 19. Sparano got in his car and chased Landry's car for two minutes. Id. ¶ 20. Landry attempted to call her family; while her brother and older son did not answer, her younger son answered her FaceTime call. Id. ¶ 20.

After two minutes, Landry pulled her car to the side of the road. Id. ¶ 22. Sparano parked his car next to Landry's car[2] and yelled "put [your] fucking hands outside the window," which Landry had already done. Id. ¶ 22. Sparano approached Landry's car, grabbed her by her hair, and punched her repeatedly in her head and face while she remained in the driver's seat. Id. ¶ 28. Sparano dragged Landry out of her car by her hair, which was ripped from her scalp, with her seatbelt still on. Id. ¶¶ 28, 29. Landry's minor son, N. Brown, was on FaceTime and yelled "leave my mother alone." Id. ¶ 28. Sparano threw Landry to the ground, choking her and punching her

---

[2] Landry alleges that Sparano should have, as is customary, parked his car behind her car to allow his dashboard camera to record the interactions, but that Sparano intentionally failed to do so. Compl. ¶ 24, ECF 1-2. Nor was Sparano's body worn camera recording. Id. ¶ 25.

head. Id. ¶ 30. Still, Landry's minor son, N. Brown, was on FaceTime on Landry's phone and continued to scream and cry while yelling "leave my mother alone." Id.

Sparano was criminally charged with (1) Recklessly Endangering Another Person, (2) Simplee Assault, and (3) Propelling a Missile Into an Occupied Vehicle. Id. ¶ 32. On February 3, 2024, a Chester County jury found Sparano guilty on the Reckless Endangerment and Propelling a Missile charges, and acquitted him on the Simple Assault charge. Id.[3]

### B. Sparano's Hiring and Training

Defendants failed to ensure that Sparano received the training and supervision necessary to ensure he would be able to perform his job in a professional, non-discriminatory manner and exercise sound judgment. Id. ¶ 46. The Township is responsible for hiring, training, supervising, disciplining, and controlling the Police Department and its officers. Id. ¶ 35. The Police Department is responsible for taking ensuring that the police officers that it hires are examined and trained to meet all requirements. Id. ¶ 36. The Police Department and Martinez hired Sparano after he was terminated by another. Id. ¶¶ 33, 37. Martinez was directly involved in ensuring that Sparano was hired to work of the West Caln Police Department, despite knowing that Sparano had a bad conduct record and had experienced a psychotic breakdown.[4] Id. ¶ 34.

---

[3] Additionally, Landry alleges that Sparano has a pattern of violent behavior against African Americans. Id. ¶ 44. In 2021, Sparano was sued for purported violence in 2019 against two young African American men after they recorded him. Id. ¶¶ 41, 42. Sparano also allegedly engaged in other racial incidences against these parties. Id. ¶ 43. The case settled. Id. ¶ 42. The Court notes that these allegations are not at issue in this case.

[4] Before working for the West Caln Police Department, Sparano worked for the Coatesville Police Department for eighteen years. Id. ¶ 39. While employed by the Coatesville Police Department, Sparano experienced a psychotic breakdown and acted violently. Id. Martinez (later the Chief of the West Caln Police Department) was present. Id. Sparano was required to retire from the Coatesville Police Department. Id. ¶ 40. Martinez and the West Caln Police Department hired Sparano knowing this, and knew or should have known that Sparano was unfit to work as a law enforcement officer. Id. ¶¶ 37, 40.

## II. PROCEDURAL HISTORY

On October 28, 2024, Landry filed the instant case individually and as a representative of her minor son, N. Brown, in the Court of Common Pleas of Chester County. ECF 1-2. The Complaint brings the following claims under 42 U.S.C. §1983 and state law:

- Count 1: excessive force in violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (as to Sparano)
- Count 2: violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (as to Martinez in individual capacity)
- Count 3: violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (as to the Township, Martinez in official capacity, and John Doe in official capacity)
- Count 4: Assault (as to Sparano)
- Count 5: Battery (as to Sparano)
- Count 6: Negligent Hiring, Retention, and Supervision (as to Martinez and John Doe)
- Count 7: Intentional Infliction of Emotional Distress (as to Sparano)
- Count 8: Negligent Infliction of Emotional Distress (as to Sparano)
- Count 9: Bystander Liability (as to Sparano)

On November 26, 2024, Martinez, the Police Department, and the Township removed the case to the Eastern District of Pennsylvania on the basis of federal question jurisdiction. ECF 1. On December 2, 2024, Sparano filed a Motion to Dismiss. ECF 4. On December 17, 2024, Martinez, the Police Department, and the Township filed a Motion to Dismiss. ECF 9.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of

4

further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

## IV. PARTIES' CONTENTIONS

### A. Sparano's Motion to Dismiss

Sparano seeks partial dismissal of Landry's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Sparano Mot. to Dismiss at 1, ECF 4-2 ("Sparano Mot.").  Specifically, Sparano seeks dismissal of Landry's excessive force (Count 1), negligent infliction of emotional distress claim (Count 8), and bystander liability claims (Count 9).[5]  Sparano argues that Landry's excessive force claim fails because such claims must be analyzed under the Fourth Amendment, id. at 4, and that Landry's negligent infliction of emotional distress claim and bystander liability claim is barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. §§ 8541, et seq. Id. at 5, 7.

### B. Landry's Response to Sparano's Motion to Dismiss

Landry argues that her excessive force claim was erroneously labeled as a Fourteenth Amendment Claim in her Complaint, and seeks leave to file an Amended Complaint to correct this error.  Opp. to Sparano Mot. to Dismiss at 6.  Landry contends that her claims against Sparano describe intentional, malicious, and criminal conduct, which falls outside the scope of immunity under the PSTCA.  Opp. to Sparano Mot. to Dismiss at 7.

---

[5] Sparano does not move to dismiss Counts 4 and 5 (assault and battery) or Count 7 (intentional infliction of emotional distress).

### C. West Caln Defendants' Motion to Dismiss

The Township, Police Department, and Martinez (the "West Caln Defendants") move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). West Caln Mot. to Dismiss, ECF 9-1 ("West Caln Mot."). The West Caln Defendants argue that the Police Department is not a "person" subject to suit under § 1983 and is merely a subunit of the Township, making it an improper defendant. Id. at 5 (citing Mikhaeil v. Santos, 646 F. App'x 158, 163 (3d Cir. 2016) (non-precedential)). The West Caln Defendants also argue that any official capacity claims against Martinez should be dismissed as duplicative of the claims against the Township. Id. Further, they contend that all claims against Martinez should be dismissed because the Complaint does not allege his personal involvement and he is not a final policymaker. Id. at 6. The West Caln Defendants argue that Landry's negligent hiring claim is barred by the PSTCA. Id. at 7–8. Lastly, they seek dismissal of Landry's Monell claim, asserting that she only alleges generalized policy violations and fails to show a pattern of constitutional violations or that a specific policy caused Sparano's actions. Id. at 8–10.

### D. Landry's Response to West Caln Defendants' Motion to Dismiss

Landry opposes the West Caln Defendants' Motion. Landry argues that whether the Police Department is a subunit of the Township is a factual issue that requires discovery. Opp. to West Caln Mot. to Dismiss at 3, ECF 14. She contends that the official capacity claims against Martinez should not be dismissed because his failures in screening, training, and discipline may conflict with the Township's actions. Id. at 4. Additionally, she asserts that dismissing claims against Martinez is premature, as the West Caln Defendants have not identified any law determining policymaker status. Id. at 5. She further argues that her negligent hiring claim is not barred by the PSTCA because Martinez's conduct was willful. Id. at 6. Lastly, Landry maintains that her Monell claim survives because she alleges that Township policies led to constitutional violations. Id.

6

V.  **DISCUSSION**

### A. The Police Department Is Not A Defendant

Although Landry names the Police Department as a defendant, none of her claims are actually brought against it. And even if they were, the Police Department is a subunit of the Township and not liable under § 1983. Madison v. Phila. Police Dep't, 2021 WL 1546230, at *2 (E.D. Pa. Apr. 20, 2021) (Baylson, J.) (citing Martin v. Red Lion Police Dep't, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (non-precedential))); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability"). The Police Department is **DISMISSED with prejudice** as a defendant.

### B. Constitutional Claims

Count 1 alleges that Sparano used excessive force against Landry in violation of the Fourteenth Amendment. Compl. at 11, ECF 1-2. All excessive force claims involving "an arrest, investigatory stop, or other seizure of a free citizen," as Landry alleges, "should be analyzed under the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 395 (1989); see Verdier v. Borough, 796 F. Supp. 2d 606, 622 (E.D. Pa. 2011) (Baylson, J.). Count 1 is **DISMISSED without prejudice.**

Similarly, Count 2 argues that Martinez (in his individual capacity) violated the Fourteenth Amendment as a final policymaker by permitting policies, practices, and customs including the failure to screen, train, discipline, and supervise police officers regarding the use of excessive force, and Count 3 argues the same against the Township, Martinez, and John Doe (in their official capacities), and highlights that the policies, practices, and customers amounted to deliberate indifference. Compl. at 12–13, ECF 1-2. Since Landry's allegations under these Counts relate to

the Fourth Amendment rather than the Fourteenth Amendment, Counts 2 and 3 are **DISMISSED without prejudice and with leave to amend.**

### C. Immunity Under the PSTCA

Under the PSTCA, local agency employees are immune from liability for actions taken within the scope of their employment, unless the employee's acts (1) fall into one of eight enumerated negligence exceptions in 42 Pa. Cons. Stat. Ann. § 8542(b) or (2) constitute "a crime, actual fraud, or willful misconduct." Spiker v. Whittaker, 553 F. App'x 275, 281 n.6 (3d Cir. 2014) (non-precedential).

"Negligent hiring, training and retention . . . is not one of the negligent acts for which immunity is waived," Joyner v. Sch. Dist. of Phila., 313 F. Supp. 2d 495, 504 (E.D. Pa. 2004) (Rufe, J.), nor is in an intentional tort. Martinez is immune from this claim under the PSTCA. Accordingly, Count 6 is **DISMISSED with prejudice.**

And because an NIED claim is based on negligence rather than intent, it necessarily falls within the PSTCA's scope of immunity. See Gray v. Great Valley Sch. Dist., 102 F. Supp. 3d 671, 681 (E.D. Pa. 2015) (DuBois, J.); Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707, 720–21 (E.D. Pa. 2007) (Rufe, J.) (holding that PSTCA barred NIED claim because it is grounded in negligence). Landry plausibly alleged that Sparano is not immune from liability for intentional infliction of emotional distress or related damages. Heckensweiler, 517 F. Supp. 2d at 720. Since this claim is properly addressed under Count 7, **Count 8 is DISMISSED with prejudice.**[6]

---

[6] Landry seeks to amend her Complaint to bring an intentional infliction of emotional distress claim rather than a NIED claim. Opp. to Sparano Mot. to Dismiss at 7. Landry already brought an intentional infliction of emotional distress claim under Count 7.

### D. Count 9: Bystander Liability

Landry alleges that Sparano is liable for causing injury to Landry's minor son, N, Brown, since he was virtually present throughout the interaction, could hear his mother being injured, and saw Sparano striking his mother. Compl. ¶¶ 70–74, ECF 1-2. Bystander liability is not a cause of action under Pennsylvania law. Rather, Pennsylvania permits a "bystander liability theory of NIED," which permits "recovery for emotional distress for plaintiffs who witnessed an accident causing serious injury to a close family member . . . ." Toney v. Chester Cty. Hosp., 36 A.3d 83, 88–89 (Pa. 2011). Should Landry wish to proceed with this theory of liability, she must plead a proper cause of action. Accordingly, Count 9 is **DISMISSED without prejudice.**

## VI. CONCLUSION

In sum and for the reasons stated above, Defendants' Motions are **GRANTED**: the Police Department is **DISMISSED with prejudice** as a Defendant, Counts 1, 2, 3, and 9 are **DISMISSED without prejudice and with leave to amend within fourteen (14) days,** and Counts 6 and 8 are **DISMISSED with prejudice.** Counts 4, 5, and 7 survive dismissal. An appropriate order follows.

The Court takes seriously Landry's allegations against the Defendants. Landry is granted leave to amend **within fourteen (14) days** of this Memorandum, and any Amended Complaint must set forth specific, well-pleaded factual allegations supporting each claim in accordance with counsel's Fed. R. Civ. P. 11 obligations.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-6315 Landry v West Cain Twp\24-6315 Memo on Motion to Dismiss.docx