IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAKESHIA LANDRY**, individually and as representative of N. Brown,<br>*Plaintiff,*<br><br>v.<br><br>**WEST CALN TOWNSHIP, CURTIS MARTINEZ, and ANTHONY SPARANO,**<br>*Defendants.* | **CIVIL ACTION**<br>**NO. 24-06315** |

## MEMORANDUM ON MOTIONS TO DISMISS

**Baylson, J.**                                                                                                          **April 29, 2025**

Plaintiff Takeshia Landry ("Landry") brings this action pursuant to 42 U.S.C. § 1983 and state law following alleged violence at the hands of a West Caln Township Police Department Sergeant during a traffic stop. Defendants moved to dismiss. For the reasons stated below, Defendant Sparano's Partial Motion to Dismiss is **GRANTED**, and Defendants West Caln Township and Curtis Martinez's Motion to Dismiss is **GRANTED.**

### I.    FACTUAL ALLEGATIONS[1]

Landry brings this action individually and as a representative of her minor son, N. Brown. Am. Compl., ECF 21. Landry is an African American woman. Id. ¶ 4. Defendant Anthony Sparano ("Sparano") was a white male Sergeant with the West Caln Township Police Department. Id. ¶ 5. Defendant Curt A. Martinez ("Martinez") was the Chief of Police at the West Caln Township Police Department ("Police Department"). Id. ¶ 6.

#### A.  The November 10, 2021, Incident

On November 10, 2021, shortly after midnight, Sparano was on patrol and signaled to pull

---

[1] The Court accepts the factual allegations in the Amended Complaint as true for the purpose of the Motions to Dismiss.

1

over Landry's car after she made a left turn at a red light. Id. ¶¶ 8, 10–11. Landry slowed down, turned on her hazard lights, and searched for a better area to stop. Id. ¶ 12. Sparano approached Landry's car and spoke in an abrupt and disrespectful tone. Id. ¶ 13. Landry was holding a camera to record the interaction. Id. ¶ 14. This made Sparano angry, and he reached into Landry's car and slapped the camera out of her hand. Id. ¶¶ 15–16. Landry became fearful she was in danger and drove off with her car's hazard lights on. Id. ¶¶ 17, 22.

As Landry drove off, Sparano drew his weapon and shot at Landry's car. Id. ¶ 18. Sparano shot the rear passenger window of Landry's car, missing her head by inches. Id. ¶ 19. Landry heard the gunshot and the bullet hit the window, and became even more fearful. Id. ¶ 20. Sparano chased Landry's car for two minutes. Id. ¶ 21. Landry attempted to call her family; her younger son answered her FaceTime call. Id. ¶ 21.

After two minutes, Landry pulled her car over. Id. ¶ 23. Sparano parked his car next to hers[2] and yelled "put [your] fucking hands outside the window," which Landry had already done. Id. ¶ 23. Sparano approached Landry's car, grabbed her hair, and punched her head and face while she was in the driver's seat. Id. ¶ 29. Sparano dragged Landry out of her car by her hair, which was ripped from her scalp, with her seatbelt still on. Id. ¶¶ 29–30. Landry's minor son, N. Brown, was on FaceTime and yelled "leave my mother alone." Id. ¶¶ 29, 31. Sparano threw Landry to the ground, choking her and punching her head. Id. ¶ 31. N. Brown remained on FaceTime on and continued to scream and cry while yelling "leave my mother alone." Id.

Sparano was criminally charged with (1) Recklessly Endangering Another Person, (2)

---

[2] Landry alleges that Sparano should have, as is customary, parked his car behind her car to allow his dashboard camera to record the interactions, but that Sparano intentionally failed to do so. Am. Compl. ¶¶ 24–25, ECF 21. Nor was Sparano's body worn camera recording. Id. ¶¶ 26, 32. However, portions were captured on the dashboard camera and from the body worn camera footage of a second officer who came to the scene. Id. ¶ 32.

Simple Assault, and (3) Propelling a Missile Into an Occupied Vehicle. Id. ¶ 34. On February 3, 2024, a jury found Sparano guilty on the first two charges and acquitted him on the third. Id.[3]

## II. **PROCEDURAL HISTORY**

On October 28, 2024, Landry filed the instant case individually and as a representative of her minor son, N. Brown, in the Court of Common Pleas of Chester County. ECF 1-2. On November 26, 2024, Martinez, the Police Department, and the Township removed the case to the Eastern District of Pennsylvania. ECF 1. On December 2, 2024, Sparano filed a Motion to Dismiss. ECF 4. On December 17, 2024, Martinez, the Police Department, and the Township filed a Motion to Dismiss. ECF 9. On February 6, 2025, the Court granted in part and denied in part the Motions to Dismiss. ECF 15, 16. On March 20, 2025, Landry filed an Amended Complaint. ECF 21. The Amended Complaint brings the following claims:

- Count I: Excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (as to Sparano)
- Count II: Violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (as to Martinez in individual capacity)
- Count III: Violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (as to the Township, Martinez in official capacity, and John Doe in official capacity)
- Count IV: Assault (as to Sparano)
- Count V: Battery (as to Sparano)
- Count VI: Intentional Infliction of Emotional Distress (as to Sparano)
- Count VII: Negligent Infliction of Emotional Distress (as to Sparano)

On April 2, 2025, Sparano filed a Motion to Dismiss Count VII. ECF 22. On April 3, 2025,

---

[3] Landry alleges that Sparano has a pattern of violent behavior against African Americans. Id. ¶ 41. In 2021, Sparano was sued in 2019 for purported violence against two African American men. Id. ¶ 42. The case settled. Id. These allegations are not at issue in this case.

Additionally, Landry alleges that before working for the West Caln Police Department, Sparano worked for the Coatesville Police Department for eighteen years. Id. ¶ 34. While employed by the Coatesville Police Department, Sparano allegedly experienced a psychotic breakdown. Id. ¶¶ 35, 39. Martinez (later Chief of the West Caln Police Department) was present. Id. Sparano allegedly was required to retire from the Coatesville Police Department. Id. ¶ 40.

3

Martinez and the Township (the "West Caln Defendants") filed a Motion to Dismiss Counts II and III. ECF 23. On April 16, 2025, Landry filed a response to Sparano's Motion. ECF 26. On April 22, 2025, Landry filed a response to Martinez and the Township's Motion. ECF 29.

### III. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint must include sufficient facts which, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### IV. DISCUSSION

At issue in the Motions to Dismiss before the Court are Count II (Violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 as to Martinez in individual capacity), Count III (Violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (as to the Township, Martinez in official capacity, and John Doe in official capacity), and Count VII (Negligent Infliction of Emotional Distress as to Sparano).

**A. The Negligent Infliction of Emotional Distress Claim is Barred by the PSTCA**

Landry asserts a claim for Negligent Infliction of Emotional Distress ("NIED") against

4

Sparano, alleging that Plaintiff N. Brown was virtually present, knew Landry was being injured, and suffered emotional distress. Am. Compl. ¶¶ 86–93, ECF 21. As a preliminary matter, Count VII is not barred by the Court's February 6, 2025, order and memorandum. The Court's memorandum dismissed with prejudice Landry's NIED claim, which was focused on injury to Landry herself. Compl. ¶¶ 64–69, ECF 1-2; Mem. at 8, ECF 15. Landry is not barred from bringing this claim on behalf of N. Brown. But, while Pennsylvania law permits a "bystander liability theory of NIED," Toney v. Chester Cty. Hosp., 36 A.3d 83, 88–89 (Pa. 2011), the PSTCA provides immunity to local agency employees in certain situations, Spiker v. Whittaker, 553 F. App'x 275, 281 n.6 (3d Cir. 2014) (non-precedential). Even if the Amended Complaint stated a cause of action for NIED, Sparano is immune from suit under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S. §§ 8541. See Schieber v. City of Phila., 1999 WL 482310, at *10 (E.D. Pa. July 9, 1999) (Shapiro, J.); Gray v. Great Valley Sch. Dist., 102 F. Supp. 3d 671, 681 (E.D. Pa. 2015) (DuBois, J.) (holding that PSTCA barred NIED claim because it is grounded in negligence); Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707, 720–21 (E.D. Pa. 2007) (Rufe, J.) (same).[4]

### B. Constitutional Claims

Under 42 U.S.C. § 1983, an individual may bring a claim for damages arising from violations of their constitutional rights. Landry brings Count II and Count III pursuant to § 1983.

Count II alleges that Martinez violated the Fourth Amendment by enforcing policies, practices, and customs which caused Sparano's misconduct. Am. Compl. ¶¶ 47–48, ECF 21.

---

[4] Under the PSTCA, local agency employees are immune from liability for actions taken within the scope of their employment unless the acts (1) fall into one of eight enumerated negligence exceptions in 42 Pa. Cons. Stat. Ann. § 8542(b) or (2) constitute "a crime, actual fraud, or willful misconduct." Spiker v. Whittaker, 553 F. App'x 275, 281 n.6 (3d Cir. 2014) (non-precedential). Sparano's actions are protected by the PSTCA and the NIED claim does not fall into any of the PSTCA's exceptions.

5

Specifically, Landry alleges customs, policies, or practices of: (1) hiring police officers who had been fired from other police departments, (2) failing to train or supervise officers on the use of excessive force during routine traffic stop, and (3) failing to train officers on citizens' rights to record police encounters. Id. ¶¶ 35, 44, 48, 52. Count III alleges that the Township, Martinez in his official capacity, and/or John Doe violated the Fourth Amendment by maintaining these same policies, practices, and customs. Id. ¶¶ 51–66.

1. Legal Standard

To state a claim for relief under § 1983, a plaintiff must show that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or federal law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Supervisory liability under § 1983 requires, among other things, identifying a policy, practice, or custom that created an unreasonable risk of constitutional injury or participation in violating the plaintiff's rights. See Hiller v. Sogo, 2021 WL 3403504, at *6 (E.D. Pa. Aug. 4, 2021) (Rufe, J.) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). Similarly, to establish municipal liability, a plaintiff must show a policy, practice, or custom that caused the constitutional violation or failure to train amounting to deliberate indifference. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978). A plaintiff must "specify what exactly th[e] custom or policy was." McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009). Allegations that are mere restatement of the legal elements of a Monell claim are "not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. at 680; Twombly, 550 U.S. at 570.

i. Analysis

1. Count III Against Martinez is Duplicative

Count III is dismissed as to Martinez because it is duplicative. "A claim against a city official in h[is] official capacity is no different than a claim against the municipality." Whitfield

6

v. City of Phila., 587 F. Supp. 2d 657, 665 (E.D. Pa. 2008) (Robreno, J.) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985) & Cruz v. City of Phila., 2007 WL 4190690, at *4 (E.D. Pa. Nov. 21, 2007) (Padova, J.)). Count III against Martinez in his official capacity is no different than Count III against the Township. See id.; Baez v. Lancaster Cnty., 487 F. App'x 30, 32 (3d Cir. 2012) (non-precedential) (upholding grant of summary judgment ridding of claim against county employee in his official capacity where there was also a claim against the county).[5]

### 2. Landry Fails to Plead a Policy, Custom, or Practice

Landry does not plausibly allege a policy, custom, or practice which would establish supervisory or Monell liability. A Monell claim requires identification of a specific policy, practice, or custom, McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009), and facts demonstrating a "direct causal link between [the] policy or custom and the alleged constitutional deprivation," Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007). The Amended Complaint merely recites the legal elements of a § 1983 claim without sufficient factual support. See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (holding that "vague assertions" of a policy or custom, without more, are not sufficient to state a claim under Monell). Landry's claims do not support an inference of existence of a policy, custom, or practice. See Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 911 (3d Cir. 1984) (noting that a single incident typically does not support policy, custom, or practice; Est. of Kamal by & through Kamal v. Twp. of Irvington, 790 F. App'x 395, 398 (3d Cir. 2019) (non-precedential) (upholding dismissal of Monell claim where individual's death was only evidence of alleged policy, custom, or practice). For example, though Landry alleges Sparano was fired by another police department

---

[5] The West Caln Defendants argue Landry brought all claims against Martinez in his official capacity and thus should be dismissed as duplicative. West Caln Mot. at 5, ECF 23-1. However, Count II is brought against Martinez in his official capacity and thus is not dismissed on this basis.

7

and had known disciplinary issues, she provides no facts from which the Court could infer a broader policy, custom, or practice of hiring terminated officers. See Durham v. City of Phila., 2020 WL 6940021, at *2 (E.D. Pa. Nov. 25, 2020) (Kearney, J.); McTernan, 564 F.3d at 658.

### 3. Landry Fails to Plausibly Plead Martinez's Involvement

Even if a plaintiff does not plead a policy, custom, or practice, there is another avenue for supervisory liability under § 1983. A supervisor may be liable also if he "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Barkes, 766 F.3d at 316. Landry alleges that Martinez "was directly involved in, and/or instrumental in ensuring that Sparano was hired to work for the West Caln Township Police Department after his employment with the Coatesville Police Department terminated, after being at the scene when Sparano experienced his psychotic breakdown at home" and knowing "that Sparano had no respect for the constitutional rights of citizens." Am. Compl. ¶ 35, ECF 21. However, these bare assertions are Landry's only allegations to establish Martinez's liability under a personal involvement theory. Landry fails to plausibly plead Martinez's contemporaneous knowledge of the incident against Landry or knowledge of similar incidents in the past, and, notably, fails to plead "actions or inactions which communicated approval of the subordinate's behavior." See C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000). While the decision to hire Sparano could in theory be an action communicating approval of his behavior, Landry does not allege facts beyond conclusory allegations about Martinez's involvement in hiring Sparano which could plausibly establish this.

### 4. Landry Fails to Plausibly Plead Failure-to-Train Claim

Landry also fails to adequately plead a failure-to-train claim. Landry generally alleges a failure to train and supervise police officers on "the use of excessive unreasonable and unjustified force, including the use of lethal force in routine traffic stops." Am. Compl. ¶ 52, ECF 21.

8

However, such conclusory allegations cannot survive a motion to dismiss. See Mack v. Bucks Cnty., 2024 WL 4905200, at *10 (E.D. Pa. Nov. 27, 2024) (Slomsky, J.) (dismissing Monell claim where plaintiff failed to provide details or circumstances about defendant carrying out alleged policy). A plaintiff pleading a Monell claim with a failure-to-train theory must show a "pattern of similar constitutional violations" to establish deliberate indifference. Connick v. Thompson, 563 U.S. 51, 62 (2011) (quoting Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 409 (1997). While "single-incident" liability may exist in rare cases, Landry has not alleged facts to fit that narrow exception. Id.

Landry does not allege facts beyond the conclusory allegation of a failure to train officers on the use of excessive and lethal force during routine traffic stops and failure to train officers on citizens' rights to record police interactions. For example, Landry does not allege "how the [Police Department] training programs were deficient . . . ." Ekwunife v. City of Phila., 245 F. Supp. 3d 660, 676 (E.D. Pa. 2017) (Robreno, J.), aff'd, 756 F. App'x 165 (3d Cir. 2018). Moreover, she fails to show that the constitutional violation was a highly predictable consequence of inadequate training. Kline ex rel. Arndt v. Mansfield, 255 F. App'x 624, 629 (3d Cir. 2007) (non-precedential).

## V.   CONCLUSION

For the reasons stated herein, Defendant Sparano's Partial Motion to Dismiss is **GRANTED**, and Defendants West Caln Township and Curtis Martinez's Motion to Dismiss is **GRANTED.** An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-6315 Landry v West Cain Twp\24-6315 Memo on Motions to Dismiss Amended Complaint.docx